THE BARBER ASPHALT PAVING COMPANY, Respondent, v. A. A. TOMLINSON et al., Appellants.

**Kansas City Court of Appeals, February 21, 1910.**

1. **MUNICIPAL CORPORATIONS: Contracts for Repairing Street Pavements: Kansas City Charter.** Section 2, article IX of the Kansas City Charter (1898) authorizes the common council to make a contract for the keeping of a street pavement in repair. Such contract may be made before the repairs are needed, notwithstanding the preliminary resolution therefor must contain the declaration that there is a necessity for the doing of the special work.

2. ———: **Delegation of Authority: City Engineer: Taxbills.** Taxbills issued for repairing a street pavement are not invalid because by the resolution, ordinance and contract, under which the work was done, the city engineer was made the sole and final judge of what portions of the pavement were worn or defective.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*C. S. McLane* for appellant.

(1)   The charter of Kansas City, sec. 21, art. 9, requires a resolution to be passed declaring the proposed work to be necessary. No such resolution was passed. This was a jurisdictional step and not being done the taxbills are void. Sec. 21, art. 9, charter of Kansas City; Hoyt v. City of East Saginaw, 19 Mich. 39; Blanchard v. Barre, 77 Vt. 420; Paving Co. v. O'Brien. 128 Mo. App. 267; Kirksville v. Coleman, 103 Mo. App. 215; Smith v. Westport, 105 Mo. App. 221; Coulter v. Construction Co., 131 Mo. App. 230; Schwiesau v. Mahon, 128 Cal. 114.   (2)   The common council of Kansas City have no right to delegate to the city engineer authority to say when a pavement is in need of repair and the attempt to do so in the third section of

the resolution, in the case at bar makes the resolution a nullity and the taxbills void. Assignees v. Joyes, 4 Bush (Ky.) 464; Richardson v. Heyden Plt., 46 Cal. 68; Ruggles v. Collier, 43 Mo. 353; St. Louis to use v. Clemens, 43 Mo. 395; Haegele v. Mallinckrodt, 46 Mo. 577; St. Louis to use v. Clemens, 52 Mo. 133; Neill v. Gates, 152 Mo. 585; Haag v. Ward, 186 Mo. 325; Sedalia to use v. Donohue, 190 Mo. 407; Subd. 5, sec. 1, art. 3, charter of Kansas City. (3) The resolution in the case at bar is void because it does not state the length of time for which a contract to repair the pavement is to be let as required by section 21, article 9, of the charter of Kansas City and the taxbills are void because this jurisdictional step has not been taken. Sec. 21, art. 9, charter of Kansas City; Hoyt v. East Saginaw, 19 Mich. 39. (4) The ordinance in the case at bar under which the taxbills were issued does not order any work to be done, but attempts to delegate the power of ordering it to be done to the city engineer with discretion to order or not to order work to be done and the ordinance and taxbills issued thereunder are void. Ruggles v. Collier, 43 Mo. 353; St. Louis to use of Murphy v. Clemens, 43 Mo. 395; Haegele v. Mallinckrodt, 46 Mo. 577; Neill v. Gates, 152 Mo. 585; Haag v. Ward, 186 Mo. 325; Sedalia to use v. Donohue, 190 Mo. 407; Ramsay v. Field, 115 Mo. App. 620; Corporation v. Gates, 130 Mo. App. 552; sec. 21, art. 9, charter of Kansas City; St. Joseph ex rel. v. Wiltshire, 47 Mo. App. 125; Subd. 5, sec. 1, art. 3, charter of Kansas City.

*Scarritt, Scarritt & Jones* for respondent.

(1) Where specifications are properly identified by reference they need not be set out in proceedings. Excelsior Springs v. Ettensen, 120 Mo. App. 215; Dickey v. Porter, 203 Mo. 36; Sheehan v. Gleeson, 46 Mo. 100; St. Joseph to use v. Owen, 110 Mo. 445, 455; Dickey v. Porter, 203 Mo. 135; Const. Co. v. Coal Co.,

205 Mo. 49, 73. (2) There was no improper delegation of authority to the city engineer. Gilsonite, etc., Co. v. Coal Co., 205 Mo. 49; St. Joseph ex rel. v. Owen, 110 Mo. 445; Covington v. Boyle, 6 Bush (69 Ky.) 204; Guyer v. Rock Island, 215 Ill. 144; Hitchcock v. Galveston, 96 U. S. 341; Swift v. St. Louis, 180 Mo. 80; Haughamont v. Hubbard, 131 Cal. 675, 63 Pac. 1078; Rich v. Chicago, 152 Ill. 18, 38 N. E. 255; Springfield v. Mathus, 124 Ill. 88, 16 N. E. 92; Guild v. Andrews, 137 Fed. 369; Mobile v. Shea, 127 Fed. 521; Brownell Imp. Co. v. Critchfield, 197 Ill. 61, 64 N. E. 332; McGregor v. Const. Co., 188 Mo. 611; Whitworth v. Webb City, 204 Mo. 579, 599.

JOHNSON, J.—Action on special taxbills issued by Kansas City, in payment of the cost of repairing the asphalt pavement on one of the public streets. The answer presents a number of defenses. A jury was waived and trial to the court resulted in a judgment for plaintiff on each count of the petition. Defendant appealed.

The work was done pursuant to the terms of a written contract approved by the city August 14, 1902, which provided for the repairing of the pavement on Broadway street between Tenth and Eleventh streets, for a period of two years. No point is made that the work was not done in accordance with the contract, but the validity of the proceedings leading to and including the contract is assailed. Authority for the proceedings is to be found, if at all, in section 21, art. IX, of the Kansas City charter (1898). It is there provided that "The city may cause the driveway portions of any street, . . . to be maintained and kept in repair and may contract therefor in such manner as may be provided by ordinance for a period of time not to exceed two years and pay therefor . . . by issuing special taxbills . . . when the common council shall deem it necessary that a contract be made

for doing any of the work above mentioned, it shall by resolution declare such work or improvement to be necessary, stating the kind of work or improvement to be done and the street . . . on which it is proposed to have such work done and the length of time a contract is to be let therefor . . . then the common council shall have the power to cause the proposed work or improvement to be made and to contract therefor as herein provided and to issue taxbills to pay therefor . . . which taxbills shall be issued at such intervals of time during the continuance of such contract as payment in full for all work done under the contract to the date of issue of such taxbills," etc.

A resolution entitled "A resolution declaring the work of repairing the asphalt pavement on Broadway from Tenth street to Eleventh street to be necessary" was passed by the council May 26, 1902. It declared that "the common council deems and declares it to be necessary that the asphalt pavement and the driveway . . . be maintained and kept in repair for a period of two years from the time a contract therefor binds and takes effect and that a contract be made for doing said work" and further declared that: "Such work and improvement shall consist as follows, to-wit: Cutting out and removing the worn and defective portions of said driveway from time to time, as such conditions may occur, and relaying pavement thereon according to specifications on file in the office of the city engineer, the city engineer to be the sole and final judge of what portions of the said pavement are worn and defective. The cost of relaying such pavement not to exceed the sum of one dollar and fifty cents ($1.50) per square yard."

The ordinance authorizing the work, passed July 7, 1902, repeated the provisions of the resolution we have quoted. The plans and specifications referred to were on file in the office of the city engineer.

Much of the argument of defendants is concerned

with the proposition that since the preliminary reso·lution must contain the declaration that there is a necessity for the doing of the specified work, no legal resolution could be passed that referred, not to present, but to future repairs.   It is conceded the pavement on Broadway was in good condition and was not in need of repairs at the time the contract was let and that the contract was made in anticipation of repairs that would be necessary in the following two years. The provisions of the charter, to which we have called particular attention, attempt to provide a rational method for the making of necessary repairs on street pavements, and we perceive no reason for holding that the method prescribed may not be followed as it was in this case.   It would be absurd to say that the charter could not empower the city to contract for the repairing of a street for a definite period, but must wait until a hole appeared in the pavement before it could employ a man to fix it and, consequently, must make a separate contract for each hole or defective place as it appeared.   That would be a wasteful, shiftless way of performing a public duty and one which the charter of Kansas City, very properly, made unnecessary.   Contemplating that within a stated period repairs would be needed, the city had the power to contract in advance for such repairs, and since the contractor could receive pay only for necessary repairs actually made, no injury or injustice could result to the property-owners from the doing of the work in the manner prescrib·ed.   Construed in the light of the context, the charter provisions relating to the resolution mean only that the council must find and declare that there is a present necessity for providing for repairs to be made within the time stated which must not exceed two years.

Further, it is contended that the proceedings are invalid for the reason that in the resolution, ordinance and contract, the city attempted to delegate legislative functions to the city engineer.   In support of this

contention, attention is called to the provision, "the city engineer to be the sole and final judge of what portions of said pavement are worn or defective," etc. The rule is too well settled to require discussion or the citation of authorities that the council cannot delegate any part of its functions to the engineer or any other officer or person. But it would be carrying that rule to an extreme and, we think, unwarranted length to apply it to defeat the taxbills under consideration. In the ordinance, contract and plans and specifications, the manner of doing the work, the materials to be used, and every detail, are covered, but as it could not be known just what repairs would be necessary from time to time, some provision had to be made for doing the work as it might be needed. The only repairs to be made were of "worn and defective" places, "as such conditions may occur." The question of when a place in a pavement is worn and defective is one of fact, and, presumably, no one would be better qualified to ascertain that fact than the engineer. He was given no discretion to exercise, but when he found a hole or defective place, it was his duty to have it repaired and until he did find such place, the contractor would have no right to do any work on the street. To say that the council, as a legislative body, had to pass judgment on each hole in the street before it could be patched, is a proposition we shall not discuss further. The engineer was the proper officer to attend to these duties.

There is no merit in the defense to these taxbills, and it follows that the judgment must be affirmed.

All concur.